UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH JOE GLEASON,

    Plaintiff,

    v.

JEFF ZMUDA, et al.,

    Defendants.

Case No. 24-4013-EFM-RES

## ORDER

On February 26, 2024, pro se Plaintiff Noah Joe Gleason filed a Motion for Appointment of Qualified Federal Court Counsel. ECF No. 5. For the reasons explained below, the Motion is denied.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse,* 417 F.2d 504, 505 (10th Cir. 1969)). Congress, however, has provided courts with the authority to appoint counsel in limited circumstances, none of which apply here. For example, courts may appoint an attorney to represent a person proceeding *in forma pauperis* ("IFP"), meaning a person who is unable to pay a filing fee and is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). But that statute does not apply here because, as reflected on the docket, Plaintiff paid the filing fee and did not file a motion to proceed IFP.[1]

---

[1] For this reason, the Court does not consider whether Plaintiff can afford counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). But even if the Court considered this and found that Plaintiff was unable to afford counsel, the Court would still deny the Motion for the reasons explained below.

There are other types of claims for which a court may appoint counsel. Plaintiff's Complaint appears to assert 42 U.S.C. § 1983 claims against Defendants for violations of the Eight Amendment regarding his medical care while he was incarcerated. *See* ECF No. 1. But in the absence of being granted leave to proceed IFP, "[c]ourts are not authorized to appoint counsel in § 1983 cases." *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016). The Court, therefore, cannot appoint counsel to represent Plaintiff in this action.

Even if Plaintiff were proceeding IFP, appointment of counsel would not be warranted based on the record here. When deciding whether to appoint counsel for an indigent party, the Court considers: (1) the merits of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers "whether the party has made a diligent effort to retain an attorney." *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020) (citation omitted).

This District has a form motion for appointment of counsel available on its website, which prompts pro se litigants to provide the factual information needed by the Court to evaluate a request for the appointment of counsel.[2] Plaintiff did not use the District's form motion for appointment of counsel, which states that the Court typically requires a plaintiff to confer with "at least five attorneys regarding legal representation" prior to requesting an appointed attorney. *See generally* ECF No. 5. Plaintiff does not provide any information regarding any efforts to obtain legal

---

[2] The District's form motion for appointment of counsel is available here: https://www.ksd.uscourts.gov/sites/ksd/files/Motion-for-appointment-of-counsel-2018.pdf. The form motion requires the movant to submit a declaration detailing the movant's good faith efforts to obtain counsel, including efforts to confer with at least five attorneys regarding potential legal representation.

2

representation, including whether he attempted to contact any attorneys for representation. This factor, if considered, would weigh against appointment.

But even if Plaintiff had contacted at least five attorneys and provided information about his efforts to retain an attorney, the Court still would not appoint counsel at this stage because the remaining factors the Court evaluates when determining whether to appoint counsel are either neutral or weigh against appointing counsel. Each factor is discussed below.

Regarding the merits of Plaintiff's case, "'[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel.'" *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Plaintiff includes no information in the Motion regarding the merits of his case. The Court, however, has concerns about whether Plaintiff states a meritorious claim against Defendants because they may be entitled to Eleventh Amendment or qualified immunity.[3] Regardless, the Court cannot tell at this stage, with no discovery occurring, whether Plaintiff's claims are any more meritorious than those of numerous other plaintiffs. At most, this factor is neutral.

The second factor—the nature and complexity of the factual and legal issues—weighs against appointment of counsel. The facts pleaded in the complaint center around Plaintiff's medical treatment while he was incarcerated and his claims that officials were deliberately indifferent towards his medical care. *See* ECF No. 1. But "[P]laintiff's allegations of defendants'

---

[3] *See, e.g., McGee v. Corizon*, 831 F. App'x 381, 384 (10th Cir. 2020) (Eleventh Amendment barred inmate's § 1983 claims against Kansas Department of Corrections for deliberate indifference to his serious medical condition); *Toney v. Corizon Health Servs., Inc.*, No. 15-3209-SAC-DJW, 2016 WL 11733648, at *3 (D. Kan. May 11, 2016) ("Because of the Eleventh Amendment's restrictions and § 1983's limited definition of 'persons', the court shall dismiss the Kansas Department of Corrections as a defendant."); *Atkins v. Kansas*, No. 23-3099-JWL, 2023 WL 3040442, at *3 (D. Kan. Apr. 21, 2023) (Eleventh Amendment immunity applied to any official capacity claims against the Secretary of the Kansas Department of Corrections).

deliberate indifference to his medical care are straight forward.  The court has no doubt that the U.S. district judge assigned to this case will be able to discern the applicable law." *McDiffett v. Nance*, No. 17-3037-JAR, 2019 WL 3891129, at *1 (D. Kan. Aug. 19, 2019).  On this record, the Court cannot discern any complex factual or legal issues that would benefit from the expertise of counsel at this time.

 Plaintiff's Motion focuses on the third factor; Plaintiff's ability to investigate the facts and present his claims.  Plaintiff states that he is disabled and is "not capable to understanding and navigating federal court procedure . . ." ECF No. 5 at 1.  Plaintiff states that he has relied on his daughter up to this point to file his complaint, but she is "limited in legal knowledge, and does not have the means to assist plaintiff with retaining counsel."  *Id.*  But Plaintiff provides no details about any physical or mental health issues that may limit his ability to investigate and present his claims.  Moreover, Plaintiff's most recent filing demonstrates an ability to communicate with the Court.  *See* ECF No. 6 (motion for leave to submit exhibits after the Clerk's office returned the exhibits to Plaintiff with instructions to redact identifying information).  This Motion does not specifically set forth any other special circumstances that would set him apart from other pro se litigants prosecuting their cases in federal court.

Plaintiff also asks for counsel so he "does not have to try to argue a legal case with many paid attorneys on staff for the defendants.  *Id.*  But merely alleging that counsel could assist a plaintiff in better presenting his case is not a proper basis for granting a motion to appoint counsel.  *See Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008) (in general, courts cannot appoint counsel to assist in presenting the "strongest possible case.").  This factor weighs against appointment of counsel.

For these reasons, the Court denies Plaintiff's Motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Qualified Federal Court Counsel (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail this Order to Plaintiff via certified U.S. Mail.

**IT IS SO ORDERED.**

Dated: February 28, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge