## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NOAH JOE GLEASON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 24-4013-EFM-RES |
| ) | |
| **JEFF ZMUDA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants Jeff Zmuda and Kansas Department of Corrections ("Defendants") respectfully request, through Assistant Attorney General Matthew L. Shoger, that the Court dismiss the claims against them under Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6). Defendants state the following in support.

## NATURE OF THE CASE

Plaintiff Noah Joe Gleason alleges that from 2002 until 2022, while incarcerated under the Kansas Department of Corrections (KDOC) at Hutchinson Correctional Facility (HCF), Lansing Correctional Facility (LCF), and Oswego Correctional Facility (OCF), he was denied medical treatment because of a failure to remove a blood filter that was placed in his body prior to incarceration. (Doc. 1 at 2-6.) Additionally, Gleason claims he was denied physical therapy treatment on his shoulder. (Doc. 1 at 2, 6-7.)

Gleason filed this lawsuit February 6, 2024. (Doc. 1.) He brings three counts. Counts I, II, and III all allege a violation of his Eighth Amendment right to be free from cruel and unusual punishment, which he says is also "[p]rotected through State of Kansas K.S.A. 75-5210." (Doc. 1 at 3, 5-6.) Count I is based on the alleged failure to remove Gleason's blood filter and the physical pain that he allegedly suffered as a result. (Doc. 1 at 3-5.) Count II also asserts the

alleged failure to remove the blood filter but focuses on emotional distress that he allegedly suffered as a result. (Doc. 1 at 5-6.) Count III is based on an alleged refusal to provide physical therapy treatment for his shoulder, causing pain and limited range of motion. (Doc. 1 at 6-7.) Gleason does not explain which part of K.S.A. 75-5210 was allegedly violated, but Gleason might be referring to subsection (c), which directs KDOC to adopt regulations regarding medical services for inmates and which permits KDOC to transport an inmate to an outside medical facility. Gleason seeks compensatory and punitive damages in the amount of $3 million. (Doc. 1 at 9.)

      Gleason's claims should be dismissed against KDOC due to its lack of capacity to sue or be sued. Gleason's official-capacity claims against Zmuda should be dismissed for lack of subject-matter jurisdiction due to the Eleventh Amendment's bar on official-capacity claims for monetary damages. Gleason's individual-capacity claims against Zmuda should be dismissed for improper service of process and failure to state a claim due to lack of personal participation. Lastly, the Court should decline to exercise jurisdiction over the state law claims, or, alternatively, should dismiss them on the merits.

## QUESTIONS PRESENTED

I.      Does KDOC lack the capacity to sue or be sued as determined by state law?

II.     Does the Eleventh Amendment bar Gleason's § 1983 claims against Zmuda in his official capacity for monetary damages?

III.    Are Gleason's claims against Zmuda in his individual capacity properly before this Court when he was not lawfully served as an individual?

IV.    Is Zmuda entitled to dismissal of Gleason's claims when Gleason failed to state the requisite personal participation of Zmuda?

V. Should the Court decline to exercise supplemental jurisdiction over the state law claims given the absence of a sufficient federal claim?

## ARGUMENTS AND AUTHORITES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Gleason, as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Id*. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) can take the form of either a facial attack, looking only to the factual allegations of the complaint, or a factual attack, presenting evidence to challenge the court's jurisdiction. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). For a facial attack, the same standards apply to the motion as are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. *Id.*; *see also Garling v. EPA*, 849 F.3d 1289, 1293 & n.3 (10th Cir. 2017) ("the trial court must apply a standard patterned on Rule 12(b)(6)"). To the extent a factual attack is made, the Court is not required to assume the truth of the complaint's factual allegations for purposes of resolving the jurisdictional issue, but "may consider materials outside the complaint to resolve disputed jurisdictional facts." *Williams v. United States*, 780 F. App'x

657, 660 (10th Cir. 2019); *see also Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (saying that resolving disputed jurisdictional facts only converts the motion to a summary judgment motion if "resolution of the jurisdictional question is intertwined with the merits").

### *Standard on Motion to Dismiss for Improper Service*

This Court has previously summarized the standard for Rule 12(b)(5) motions:

> A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. Objections to the sufficiency of process must be specific and point out in what manner the plaintiff has failed to satisfy the service provision utilized. When a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. A *pro se* party is not relieved of her obligation to comply with the service of process requirements under Fed. R. Civ. P. 4.

*Lewis v. Wyandotte/Leavenworth Area on Aging*, No. 10-2109-JWL, 2010 WL 2735563, at *2 (D. Kan. July 9, 2010) (citations omitted). A party does not waive the defense of insufficient service of process by joining it with other arguments. *Smith v. TFI Fam. Servs., Inc.*, No. 17-2235-JWB, 2019 WL 1556250, at *3 (D. Kan. Apr. 10, 2019). Accordingly, special limited appearances are not required. *Id.*

### *Standard on Motion to Dismiss for Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss – or a facial attack under 12(b)(1), as mentioned above – a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Brownback v. King*, 592 U.S. 209, 217 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Garling*,

849 F.3d at 1293 & n.3 (applying *Twombly* and *Iqbal* to a facial attack on subject-matter jurisdiction under Rule 12(b)(1)).

The court need not accept as true those allegations that state only legal conclusions. *Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

I. **KDOC lacks the capacity to sue or be sued as determined by state law and therefore cannot be sued.**

Federal courts look to state law to determine a party's capacity to sue or be sued. *Sims v. Kansas Dep't of Corr.*, No. 18-1259-EFM, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019); *see also* Fed. R. Civ. P. 17(b). "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued. The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued."

*Id.* (citations omitted). Here, Gleason has alleged causes of action against KDOC. These causes of action are improper because KDOC lacks capacity to sue or be sued. Therefore, these causes of action should be dismissed.

## II. The Eleventh Amendment bars Gleason's § 1983 claims against Zmuda in his official capacity for monetary damages.

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* As such, employees of KDOC share the state's immunity from suits against them in their official capacities for monetary damages. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Because of the presumption that statutes do not abrogate this immunity, state agencies do not even count as "persons" amenable to suit under § 1983, and neither do state officials sued in their official capacities for monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989).

A narrow exception to sovereign immunity allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). But the Eleventh Amendment bars claims for "retrospective declaratory relief" against state officials. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

Here, Gleason requests monetary relief in the form of punitive and compensatory damages (Doc. 1 at 9), which are barred by the Eleventh Amendment as asserted against Zmuda

in his official capacity as the Secretary of Corrections. Gleason does not request prospective relief. Therefore, Gleason's claims against Zmuda in his official capacity should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment immunity.

## III. Service on Zmuda in his individual capacity should be quashed as improper.

### A. Individual-capacity claims require service on a defendant as an individual.

"Without personal service in accordance with Rule 4(e), the district court is without jurisdiction to render a personal judgment against a defendant." *Scherer v. United States*, 241 F. Supp. 2d 1270, 1281 (D. Kan. 2003), *aff'd*, 78 F. App'x 687, 690 (10th Cir. 2003). Even if service is properly made on a defendant in an official capacity, service can be improper on that defendant in an individual capacity, requiring dismissal of the individual-capacity claims. *Id.* at 1282 (citing *Bartels v. Hecker*, 46 F.3d 1150 (table opinion), 1995 WL 24911, at *2 (10th Cir. Jan. 23, 1995)). Under Federal Rule of Civil Procedure 4(e), service on an individual must be made according to a method allowed by state law or by personal delivery to the individual, to a suitable resident at their dwelling, or to an agent authorized to receive service for the individual in their individual capacity.

Here, service on Zmuda was made by return receipt delivery to the Kansas Attorney General's Office. (*See* Doc. 9 at 2; Doc. 11 at 2.) Service of process may be made by sending the summons by return receipt delivery to the Attorney General of Kansas under K.S.A. 60-304(d)(5) for official-capacity claims. But service in this manner is not sufficient for individual-capacity claims. *Love v. Hayden*, 757 F. Supp. 1209, 1211-12 (D. Kan. 1991). Therefore, it does not count as service on Zmuda in his individual capacity.

Service on Zmuda was also made by return receipt delivery to his workplace, the Kansas Department of Corrections. (*See* Doc. 9 at 2; Doc. 13 at 2.) Kansas law does not allow service for individual-capacity claims to be made by return receipt delivery to an individual's business

address. *Fisher v. DeCarvalho*, 298 Kan. 482, 491-92 (2013); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228-31 & n.5 (D. Kan. 2016). Neither does Rule 4. Therefore, no sufficient service has been made on Zmuda in his individual capacity.

> **B. The Court should dismiss claims for improper service when they would also be dismissed under Rule 12(b)(6).**

Although courts have discretion to extend the time for a plaintiff to serve a defendant, claims can properly be dismissed when the claims also fail under Rule 12(b)(6). *Wanjiku*, 173 F. Supp. 3d at 1231-32 (citing *Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013)). Claims can be dismissed on both Rule 12(b)(5) and 12(b)(6) grounds. *Id.* Here, as argued in the next section, Gleason's claims also fail under Rule 12(b)(6), so the Court should dismiss his claims against Zmuda under Rule 12(b)(5) and 12(b)(6).

**IV.** **Zmuda is entitled to dismissal of Gleason's claims because Gleason fails to state the requisite personal participation of Zmuda.**

"Liability under § 1983 requires personal participation in the unlawful acts." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005). "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Rather, Plaintiffs must show an "affirmative link" between a defendant's actions and their alleged constitutional injury. *Id.* To establish the affirmative link, Plaintiffs must show: (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind. *Id.*

Here, Zmuda cannot be liable under Gleason's claims because he was not personally involved in Gleason's injury. Aside from the complaint naming Zmuda in the caption and stating that Gleason was in the custody of the Secretary, Zmuda is not mentioned anywhere else in the complaint. Gleason does not allege that Zmuda acted at all, much less acted in a way that made him personally involved in Gleason's injury, in a way that made him cause Gleason's injury, or

with a culpable state of mind. Therefore, the claims against Zmuda should be dismissed because Gleason fails to state a claim against Zmuda due to lack of personal participation in Gleason's injury.

V. **The Court should decline to exercise jurisdiction over the state law claims, or alternatively, should dismiss them.**

   A. **The Court should decline to exercise supplemental jurisdiction over the state law claims given the absence of a sufficient federal claim.**

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, all federal claims should be dismissed for the reasons outlined above, and the court should decline to exercise jurisdiction over any remaining state claims.

   B. **Alternatively, the Court should dismiss the state law claims for lack of a private right of action, failure to exhaust, and lack of a violation.**

If the Court decides to exercise supplemental jurisdiction, it should dismiss the state law claims against Defendants. First, K.S.A. 75-5210 does not provide a private cause of action against the Defendants. Alternatively, it does not create a claim for damages if its provisions are violated, much less a claim that could survive the State's immunity under the Kansas Tort Claims Act. *See Lewis v. City of Lawrence*, 19-2636-KHV, 2020 WL 1446868, at *5 (D. Kan. Mar. 25, 2020) ("The exceptions to the Kansas Tort Claims Act provide immunity to governmental entities or employees in certain situations.") Second, Gleason failed to file with his complaint "proof that the administrative remedies have been exhausted" as required under K.S.A. 75-52,138. An inmate must take four steps to complete the grievance process: (1) attempt an informal resolution with unit team members; (2) submit a grievance to an appropriate unit team member; (3) submit a grievance to the warden of the facility; and (4) appeal to the secretary

of corrections. *Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021); K.A.R. §§ 44-15-101(b), (d), 44-15-102(a)-(c). Here, Gleason did not file proof that he appealed his grievance to the secretary of corrections. (*See* Doc. 1 at 8-9; Doc. 1-3.) Finally, the face of the complaint does not support a violation of K.S.A. 75-5210.

## CONCLUSION

For these reasons, Defendant KDOC requests that Gleason's claims against it be dismissed due to its lack of capacity to sue or be sued. Defendant Zmuda requests that Gleason's official-capacity claims against him be dismissed for lack of subject-matter jurisdiction due to the Eleventh Amendment's bar on official-capacity claims for monetary damages. Zmuda requests that Gleason's individual-capacity claims against him be dismissed for improper service of process and failure to state a claim due to lack of personal participation. Lastly, the Defendants request that the Court decline to exercise supplemental jurisdiction over the state law claims because no federal claims remain. In the alternative, Defendants request that the Court dismiss the state law claims for lack of a private right of action, failure to exhaust, and lack of a violation.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 16th day of April, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

Noah Joe Gleason
2150 E 25th Terr. D
Lawrence, KS 66046
*Plaintiff, pro se*

                                    */s/ Matthew L. Shoger*
                                    Matthew L. Shoger
                                    Assistant Attorney General