IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH JOE GLEASON,

    *Plaintiff,*

vs.

JEFF ZMUDA, et al.,

    *Defendants.*

Case No. 24-4013-EFM-RES

**MEMORANDUM AND ORDER**

    Pro se Plaintiff, Noah Joe Gleason, brings this suit against Jeff Zmuda, in both his personal and official capacity as Secretary of the Kansas Department of Corrections ("KDOC"), and KDOC. He alleges that Defendants were deliberately indifferent to his medical needs under both federal and state law while he was in KDOC's custody. Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 16). Defendants move to dismiss for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss.

        **I.**        **Factual and Procedural Background**[1]

    In 1999, Plaintiff suffered several serious injuries in a motorcycle accident. He was treated at the University of Kansas Hospital following the accident. Significant here, Plaintiff's "shoulder

---

[1] The facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this ruling.

was broken" causing "permanent damage." Among the treatments for his injuries was the placement of a "Greenfield" or "blood filter." This filter was to be removed in 2002.

However, in 2002, Plaintiff was incarcerated and placed in KDOC's custody. Plaintiff remained in KDOC's custody until 2022. During these 20 years, Plaintiff communicated to counselors and various medical providers that the filter should be removed. Further, he requested physical therapy for his shoulder injury. The filter was not removed, and Plaintiff was not provided physical therapy. Plaintiff was released from KDOC's custody in 2022.

Plaintiff filed his Complaint on February 6, 2024, invoking this Court's original jurisdiction under 28 U.S.C. § 1343(3). He brings three counts pursuant to 42 U.S.C. § 1983, asserting Defendants violated his Eighth Amendment protection against cruel and unusual punishment. The first count relates to Defendants' failure to arrange for the Greenfield filter to be removed. The second relates to Plaintiff's emotional distress resulting from Defendants' failure to have the filter removed. Finally, the third relates to Defendants' failure to provide physical therapy for Plaintiff's shoulder injury. Additionally, Plaintiff asserts these same claims under K.S.A. § 75-5210.

On April 16, 2024, Defendants filed a motion to dismiss. Plaintiff did not file a response. Defendants' motion is now ripe for the Court's consideration.

## II.     Legal Standard

### A.     Pro Se Litigant

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[2] A pro se litigant is entitled to a liberal construction of his pleadings.[3] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or [the plaintiff's] unfamiliarity with pleading requirements."[4] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[5]

### B.     Motion to Dismiss under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[6] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[7] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[8] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] Fed. R. Civ. P. 12(b)(6).

[7] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

fair notice of the nature of claims as well the grounds on which each claim rests.[9] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[10] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[11] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[12]

### III.   Analysis

Each Defendant moves to dismiss Plaintiff's Complaint under a different theory. Therefore, the Court will address each Defendant in turn.

**A.   KDOC**

KDOC asks the Court to dismiss all claims against it because it lacks the capacity to be sued. "A party's capacity to sue or be sued in federal court is determined by state law."[13] "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued."[14] "The KDOC is a legislatively-created government agency, and

---

[9] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[12] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[13] *McCoy v. Aramark Corr. Servs.*, 2017 WL 2572806, at *1 (D. Kan. Jun. 14, 2017) (citing Fed. R. Civ. P. 17(b)(2)).

[14] *Grayson v. Kansas*, 2007 WL 1259990, at *3 (D. Kan. Apr. 30, 2007) (citing *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311, 316 (Kan. 1985)).

Kansas law does not permit it to sue or be sued."[15] Because KDOC lacks the capacity to be sued, this Court must dismiss Plaintiff's claims against KDOC for lack of jurisdiction.

**B.     Zmuda's Official Capacity as Secretary of KDOC**

Secretary Zmuda asserts that the claims against him should be dismissed because they are barred by his Eleventh Amendment immunity. If effectively asserted, Eleventh Amendment immunity "strips the Court of subject matter jurisdiction."[16]

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens."[17] This immunity extends to suits against state agencies as well as state officials acting in their official capacity.[18] However, the *Ex Parte Young* doctrine provides a narrow exception to this immunity: "the Eleventh Amendment does not bar suit against state officials in their official capacities if it seeks prospective relief for the officials' ongoing violation of federal law."[19] To determine whether the *Ex Parte Young* exception applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[20]

Here, Eleventh Amendment immunity extends to Secretary Zmuda as a state official acting in his official capacity. Because Plaintiff seeks only a retrospective, monetary award, the narrow *Ex Parte Young* exception does not apply. Secretary Zmuda has effectively asserted Eleventh

---

[15] *Sims v. Kan. Dep't of Corr.*, 2019 WL 4450671, at *4 (D. Kan. Sep. 17, 2019).

[16] *Id.* at *5 (citing *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019)).

[17] *Williams*, 928 F.3d at 1212 (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).

[18] *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019).

[19] *Odhuno v. Reed's Cove Health & Rehab., LLC*, 355 F. Supp. 3d 1026, 1050 (D. Kan. 2018).

[20] *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation and alteration omitted).

Amendment immunity, stripping this Court of subject matter jurisdiction. Therefore, the Court must dismiss the claims against Zmuda in his official capacity as the Secretary of KDOC.

**C.     Zmuda's Personal Capacity**

Zmuda seeks dismissal of Plaintiff's claims against him under two theories: (1) insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), and (2) failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because the Complaint fails under Rule 12(b)(6)'s standards, the Court only addresses that argument.[21]

Zmuda asserts that the claims against him should be dismissed because Plaintiff fails to plausibly plead that he is liable under § 1983. "A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability."[22] Personal liability is established by a showing of personal involvement in the alleged constitutional violation.[23]

Even after liberally construing Plaintiff's Complaint, Plaintiff has not stated a plausible claim for Zmuda's liability under § 1983. Personal liability is predicated upon personal involvement. Here, Plaintiff has only named Zmuda in the caption. Plaintiff has not alleged that Zmuda had personal involvement in the decisions related to Plaintiff's healthcare while he was in KDOC's custody.

Supervisory liability is based upon a policy created, promulgated, or implemented by a defendant-supervisor resulting in the deprivation of a plaintiff's Constitutional rights.[24] "The

---

[21] *See Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013) (affirming the district court's decision to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) when to "properly serve the defendants would have been futile").

[22] *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011).

[23] *Id.*

[24] *Id.* at 1163–64 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th. Cir. 2010)).

elements of a supervisor liability claim under § 1983 are: '(1) personal involvement; (2) sufficiently causal connection; and (3) culpable state of mind.'"[25]

As discussed above, because he has not pointed to any specific actions taken by Zmuda, Plaintiff fails to plead the first element of a supervisor liability claim. As such, Plaintiff cannot show any causal connection between Zmuda's action or inaction and his injuries. Further, Plaintiff fails to allege that Zmuda had a culpable state of mind. In short, Plaintiff's Complaint is wholly deficient of any factual allegations describing Zmuda's actions.

Because of the absence of any facts specific to Zmuda, Plaintiff has not shown Zmuda's liability either personally or as a supervisor under § 1983. Consequently, Plaintiff fails to state a claim upon which relief could be granted against Zmuda. Therefore, the Court dismisses the § 1983 claims against Zmuda in his personal capacity.

**D.    Supplemental Jurisdiction**

In addition to his federal claims, Plaintiff asserts parallel state law claims under K.S.A. § 75-5210. Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[26] "The Court may decline to exercise supplemental jurisdiction if only issues of state law remain after the court has dismissed all federal claims."[27] In fact, "courts routinely decline to exercise supplemental jurisdiction over state-law claims when federal claims do not survive,"[28] as is the case here. Thus,

---

[25] *Scriven v. Vitalcore Health Strategies, LLC*, 2024 WL 2091372, at *7 (D. Kan. May 9, 2024) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)).

[26] *Sullivan v. Sullivan*, 2024 WL 4215626, at *5 (D. Kan. Aug. 13, 2024) (citing *Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997)).

[27] *Id.* (citing 28 U.S.C. § 1367(c)(3)).

[28] *Id.*

because no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction and, accordingly, dismisses Plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 9th day of October 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE